Parker, C. J.,
delivered the opinion of the Court.
[After a brief recital of the averments in the first count.] The facts thus stated must be considered as proved to the jury, and they certainly give a right of action. A false and fraudulent affirmation, relative to the credit and ability of a person, to a merchant or trader, who is thereby induced to trust such person with goods, *149 is a sufficient ground of action, although there may have been no dishonest purpose of appropriating the goods to the use of the party giving the recommendation, or in any other way deriving a benefi. from the fraud. This was settled in the case of Pasley & Al. vs. Freeman, 3 D. E. & 51, and in the case of Eyre & Al. vs. Dunsford, 1 East, 308. And this is known to be the settled law in this country. The case before us is of a more decisive nature than either of those referred to, and, according to the facts alleged and supposed to be proved, would support an indictment for a conspiracy or cheat, the goods of the plaintiff having been obtained through false pretences. The gist of this action is therefore the fraud practised upon the plaintiffs, and the affirmation stated in the count is the means or pretence by which the fraud was effected.
This view of the subject affords an answer to both the objections which have been made to the verdict. For two persons, who have been defrauded of property of * which they [ * 185 ] are joint owners, may undoubtedly join in an action of the case for their damages; and two persons, joining together in the commission of a fraud, may undoubtedly be sued together in such action.
But as the objections have gone upon the assumed ground that the gist of the action is the false affirmation respecting the credit of Upton, it may be well to see how the law stands upon that hypothesis, in relation to the exceptions taken to the verdict.
The first objection is, that the plaintiffs cannot by law unite in the action, the injury being several, and each entitled to his separate damages. If the premises were true, the conclusion would be just. But the subject matter of the injury is the joint property of the plaintiffs. If it had been taken from them by force or surreptitiously, they would necessarily have joined in trover, or trespass, or replevin ; and no reason can be offered why they should not join in this action, the object of which is, to recover the value of the joint property from those by whose means it has been lost. They are jointly interested in the damages ; and if they might have sued separately, which is doubtful, it is their right to sue together; and it is for the advantage of the defendants that they should unite, as, by their union, the costs of one action are saved. In the two cases before cited, there were two plaintiffs, and no objection was taken on that ground.
The other point, and which has been thought to be more serious, is, that the two defendants cannot be joined in the action, because, as it is said, the recommendation declared upon is by words, and the words of one cannot be the words of the other, and the fraud of the one is not the fraud of the other
*150 Certainly in actions for torts or fraud, no man is answerable for the mere act of another, any more than for crimes. But torts and frauds may be joint as well as several. Two persons may agree together to do a trespass, or may act in concert without [ * 186 ] any previous agreement, or * one may be present and tacitly assent to the act of another and participate in the fruits of it; and, in all these cases, both, or either, may be sued. So, two may conspire together to commit a fraud, and are answer able jointly in an action of the case in the nature of a conspiracy. And if facts are alleged, showing that the two defendants acted together in concert, being jointly concerned in the expected fruits of the fraud, they may be sued together, although the technical word conspire is not used in the declaration. If the fraud is actually committed, it is not necessary to allege a conspiracy, which is of itself a criminal act, and may be indicted or sued for, although the act intended to be done is left unexecuted, provided any damage happen in consequence of the conspiracy.
The whole amount of the authorities cited by the counsel for the defendants upon this point is, that an action will not lie jointly against two persons for verbal slander. The reason given is, that the words of one are not the words of another, and the injury results from the words only. We do not wish to disturb the law as it exists ; but it is as easy to conceive, of a union of mind and thought in the uttering of defamatory words by the mouth as by writing, and, in the latter case, the action may be brought against two or more.
To make out their argument, the counsel have insisted that the analogy is so strong between the case of verbal slander and a fraudulent recommendation by words, that the same law ought to be applied to the latter as to the former. But the analogy is not so complete. The former is a case beginning and ending in words ; the latter is an act, whether written or spoken, and an act in which two persons may consent, as well without writing as with. Application is made to two persons, copartners in trade, for information as to the ability of some person with whom they have dealt, and whose circumstances both the copartners know. One gives false information in the hearing of the other, who' is silent [ * 187 ] and this in pursuance of a previous * determination between the two, to recommend an insolvent person, for the purpose of obtaining payment of a debt due to themselves, out of the goods he may be trusted with by means of the false information. In such a case, the recommendation must be considered a joint act, as much as if both had directed their clerk or apprentice to give such information, in case it should be called for in their absence
*151 We see therefore no reason for arresting the judgment; there being one count sufficient in point of law, and the evidence having supported that count.
The second count in the declaration is bad, it alleging only an advice by the defendants jointly to credit Upton, without any affirmation of his ability, except by reference to the first count. Now each count ought to be perfect in itself, and any substantial defects cannot be supplied by reference to any other count. Besides, in this count nothing is alleged which will justify the joining of the two defendants in the action; for it ought to be averred that they were jointly interested in the fruits expected to be reaped from the fraud.
The third count is defective for the same reasons. But if there be one good count, the judgment will not be arrested, provided the judge, who sat in the trial, will certify that the evidence applied to that count (4). Upon recurring to my minutes of the trial of this cause, I find there was evidence to prove all the material allegations in the first count. Indeed, the cause was tried upon that count; for all the points in it were thought to be material, and all the counts respected one and the same cause of action. This being the caSe, the plaintiffs may take their judgment upon the first count.

 7 Mass. Rep. 358, Barnard vs. Whiting & Al.