Wilde J.
The question now to be decided on this writ of error is, whether the verdict in the original action may be amended conformably to the facts as certified by the judge ; and we are clearly of opinion, that according to all the authorities it may be so amended.
In the case of Chapman v. Gale, 2 Lev. 22, which was debt against an executor, judgment was entered up against him de bonis propriis, and thereupon error was brought, and it was assigned, that the judgment should have been de bonis testatoris, si Spc. Upon the affidavit of the attorney, that he gave his clerk instructions to enter it up according to the plea, and that it was a mere mistake of the clerk, the judgment was amended.
In the report of this case by Keble, (2 Keb. 810,) it is said, that the amendment was allowed by consent of parties ; but Levinz is rather to be relied on ; and of this opinion was Lord Mansfield, in the case of Short v. Coffin, 5 Burr. 2730, in which a similar amendment was allowed after writ of errot brought and in nullo est erratum pleaded. In the case of Doe v. Perkins, 3 T. R. 749, it was decided that the postea may be amended by the judge’s notes at any time, even after final *430 judgment and writ of error brought, and it was said this pract’ce was as ancient as the time of Charles the First. So in the case of Rees v. Morgan, 3 T. R. 349, a judgment was amended after writ of error brought, and also in the cases of Usher v. Dansey, 4 Maule & Selw. 94 ; King v. Keat, 1 Salk. 47; Elliot v. Skypp, Cro. Car. 338; Eddowes v. Hopkins, 1 Doug. 376; and Williams v. Breedon, 1 Bos. & Pul. 329.
But the case of Petrie v. Hannay, 3 T. R. 659, is directly in point and cannot be distinguished from the case under consideration. There the defendant pleaded the general issue and the statute of limitations. A verdict was found for the plaintiff on the first issue, and no notice taken of the last. After error brought and joinder in error, (which was assigned on this point,) the court allowed the verdict to be amended by the judge’s notes, on payment of costs. In the case of Harrison v. King, l Barn. & Aid. 161, an amendment was refused ; but this was after a lapse of eight years from the rendition of judgment, and seven years after the writ of error had been brought and after the reversal of the judgment; so that the defendant in error had, as Lord Ellenborough thought, slept the sleep of death over his rights. Abbott J. says, “ the application should be made recently after the ¿rial, for the judge bears then in memory much of what has passed at the trial; whereas it is impossible to suppose, that at a great distance of time, ány human memory can recollect the circumstances.” This case, therefore, is not opposed to the general rule ; but rather confirms it, with a reasonable qualification ; so that the course of practice in England has been long well established, and it has been adopted here so far as cases have occurred requiring its salutary aid. Barnard v. Whiting, 7 Mass. R. 358; Barnes v. Hurd, 11 Mass. R. 57; Sullivan v. Holker, 15 Mass. R. 374; Patten v. Gurney, 17 Mass. R. 182.[1] And I cannot imagine any reasonable objection that can be made to this course of practice ; on the contrary, a different course, as contended for by the plaintiff’s counsel, would *431 greatly obstruct the administration of justice. In all proceedings mistakes will occur, notwithstanding all ordinary care, and when they do thus happen, they ought, if possible, to be corrected without injury to either party. The course of practice adopted by the courts was founded on this principle, and it applies with perfect justice to the present case. If there were any doubt as to the facts which occurred at the trial, or any question made, whether there had been a full trial on the meri's, the proper course would be to grant a venire de nova, But the case has been fully heard and considered, both as to the facts and the law ; and upon the merits of the case there non be no question which has not been already disposed of. The effect of the statute of limitations was fully consideied, and a large portion of the original plaintiff’s demand was thereby barred. The only error or mistake arose from a mere slip in drawing up the verdict, and clearly this ought not to be allowed to vacate the judgment. The verdict is, therefore, to ne amended, and on payment of costs the plaintiff in error is to become nonsuit.

 See Revised Stat. c, 100, § 22; Jones v Kennedy, 11 Pick. 125; Hanley v. Levin, 5 Hammond, 227; Roulain v. M‘Dowell, 1 Bay, 490; Sagre v. Jewett, 12 Wendell, 135; Payson v. Whitcomb, 15 Pick. 212; Rowell v. Brace, 5 N. Hamp. R. 383.