### DAVID A. STILES *vs.* GORDON WHITE & anothei.

An action for a deceit in a sale may be maintained against two persons jointly, if they both knowingly make false representations at the time of the sale, though they had not previously conspired or agreed to make such representations, and though only one of them was interested in the expected fruits of the fraud.

The measure of damages is the same, in an action for a deceit in a sale, as in an action for breach of a warranty on a sale, namely, the difference between the value of the article sold and the value of such an article as it was represented to be.

TRESPASS UPON THE CASE for deceit in the sale of a horse. At the trial in the court of common pleas, before *Washburn*, J. the defendants contended that the action could not be sus· tained against them jointly, unless it should be pioved that they agreed or conspired to make the misrepresentations alleged in the plaintiff's declaration, or that both of them were interested in the expected fruits of the fraud. But the judge instructed the jury, "that though there was no such previous agreement or conspiracy, and though only one of the defendants had any interest in the fruits of the fraud, yet if the jury should be satisfied that, being both present at the time of the sale, both defendants jointly made the representations alleged, and those representations were false, and the defend- ants knew it, and the plaintiff was induced, by those repre· sentations, to make the purchase, and was thereby defrauded, then the plaintiff was entitled to recover."

The defendants further contended, that if the horse, at the time of the sale, was fairly worth all the plaintiff paid for him, then there was no damage, and the action would not lie. But the court ruled, "that the measure of damages would be the difference between the actual value of the horse sold, and the value of such a horse as this was represented to be, by the defendants."

A verdict was returned for the plaintiff, and the defendants alleged exception to the judge's instructions and ruling.

*H. Morris*, for the defendants. 1. There can be no joint misrepresentations, (except in case of copartners,) unless there is a previous agreement to make them, or unless there is a

joint interest in the fruits to be derived from them, so that one is liable for the representations of the other, or the representations of one may be regarded as those of the other. *Patten* v. *Gurney,* 17 Mass. 185, 186. *Weall* v. *King,* 12 East, 454.

2. In an action on the contract of sale, the rule of damages laid down by the judge is probably correct. The last decisions are so ; though *Caswell* v. *Coare,* 1 Taunt. 566, is the other way. But in an action for a deceit, the measure of damages is the loss the plaintiff has sustained by means of the deceit. Fraud without damage will not support an action for a deceit ; " but where these two do concur and meet together, there an action lieth." Per Croke, J. 3 Bulst. 95. See also 3 T. R. 64. 11 Wend. 409. *Morgan* v. *Bliss,* 2 Mass. 112. *Upton* v. *Vail,* 6 Johns. 181. What then is the damage sustained by a deceit in a sale ? In *Medbury* v. *Watson,* 6 Met. 257, Hubbard, J. said, if the plaintiff, " through fraud practised on him, paid *a higher price than the estate was worth,* and that fraud was actionable, then he is entitled to recover for the *injury occasioned by such fraud."* This injury was the loss of the difference between the value of the estate and the sum which the plaintiff paid for it.

*Leonard & W. G. Bates,* for the plaintiff. 1. The defendants are jointly liable, though no joint interest was shown, nor any previous agreement between them to deceive the plaintiff. 3 T. R. 51. 2 East, 107. 6 Met. 257. *Young* v. *The King,* 3 T. R. 102. *Commonwealth* v. *Harley,* 7 Met. 466. *Patten* v. *Gurney,* 17 Mass. 182.

2. The rule of damages was rightly stated by the judge at the trial. Less damages are not to be recovered in an action *ex delicto,* than in an action *ex contractu,* for the same act. *Curtis* v. *Hannay,* 3 Esp. R. 82. *Borrekins* v. *Bevan,* 3 Rawle, 44, per Rogers, J. *Cary* v. *Gruman,* 4 Hill, 625. *Morse* v. *Goodwin,* 9 Met. 278. [See also *Cothers* v. *Keever,* 4 Barr, 168.]

WILDE, J. It has been argued in support of these exceptions, that the act complained of by the plaintiff could not

in the nature of things, be done by several persons joint.y, although each may have done it at the same time. The same objection was made in a like action, in the case of *Patten* v. *Gurney*, 17 Mass. 182. But the objection was overruled; and it was decided, that two persons, joining together in the commission of a fraud, by false representations, might undoubtedly be sued together in an action founded on such a fraud. This decision is directly in point, and the correctness of it cannot be doubted. It was quite immaterial whether the defendants had or had not made any agreement to defraud the plaintiff, before they made the false representations, or whether they had a joint interest, or not, in the horse sold. This is an action founded on an alleged deceit by false representations, and not an action of conspiracy. The gist of the action is the fraud practised on the plaintiff. As no previous conspiracy is alleged, none need be proved.

It was objected that it was necessary to prove that the defendants were both interested in the expected fruits of the fraud. But there is clearly no foundation for this objection. It is immaterial whether the fraud was committed for their ;oint benefit, or for the benefit of one of them, or for a stranger.

Another exception was taken to the ruling of the court on the subject of damages. The court ruled that the measure of damages was the difference between the actual value of the horse sold, and the value of such a horse as that was represented to be by the defendants. This rule of damages we think perfectly correct. It was so laid down by Buller, J. in 1 T. R. 136 ; by Lord Denman, in *Clare* v. *Maynard*, 7 Car. & P. 743 ; and so it was decided, in *Cary* v. *Gruman*, 4 Hill, 625, and in other cases cited for the plaintiff. The defendants' counsel admitted that this was the well established rule in actions on the contract of warranty ; and surely the defendants cannot claim a more favorable rule of damages, on the ground of their own fraud. The plaintiff was clearly entitled to such a horse, or the value of such a horse, as that sold to him by the defendants was by them represented to be    *Exceptions overruled.*