## Boston Diatite Company *vs.* Florence Manufacturing Company & others.

*The jurisdiction of a Court of Chancery does not extend to cases of libel, or of slander, or of false representations as to the character or quality of the plaintiff's property, or as to his title thereto, which involve no breach of trust or of contract.*

BILL IN EQUITY against the Florence Manufacturing Company, Isaac S. Parsons, George A. Burr and George A. Scott, alleging that the plaintiff corporation was and for three years had been engaged in the manufacture of sundry articles, among which were toilet mirrors, made from a composition, invented and patented by one Merrick, which was capable of being moulded by heat and pressure into various shapes, and that they had applied to this material the trade-mark name "Diatite," by which it was generally known; that the defendant corporation was engaged in the manufacture of toilet mirrors from another material capable of being moulded and pressed, upon which there were no letters patent; that the defendant Parsons was the president, the defendant Burr the treasurer, and the defendant Scott the agent of the defendant corporation; that Parsons, Burr and Scott, acting as such officers and in the name of the corporation, falsely, fraudulently and maliciously, and for the purpose of injuring the plaintiff and diverting its trade, represented to the plaintiff's customers that the articles manufactured by the plaintiff under its letters patent were manufactured in infringement of letters patent owned by the defendant corporation, and that the defendant corporation was prosecuting a suit against the plaintiff corporation for such infringement. The bill then set forth specific instances in which persons, in the bill named, who intended to make purchases of the plaintiff, had been deterred therefrom by oral and written representations, of the purport above set forth, made to them ·by the defendants, and had been induced to purchase of the defendant corporation.

The bill prayed that the defendants might be enjoined from making such representations, and that the defendant corporation

might be decreed to account for the profits of its sales made by reason of such false representations.

The defendants demurred, because the plaintiff had not stated a case which entitled it to the relief prayed for.

*D. W. Bond,* for the defendants.

*T. W. Clarke,* for the plaintiff.

GRAY, C. J.   The jurisdiction of a Court of Chancery does not extend to cases of libel or slander, or of false representations as to the character or quality of the plaintiff's property, or as to his title thereto, which involve no breach of trust or of contract. *Huggonson's case,* 2 Atk. 469, 488. *Gee* v. *Pritchard,* 2 Swanst. 402, 413. *Seeley* v. *Fisher,* 11 Sim. 581, 583. *Fleming* v. *Newton,* 1 H. L. Cas. 363, 371, 376. *Emperor of Austria* v. *Day,* 3 De G., F. & J. 217, 238–241. *Mulkern* v. *Ward,* L. R. 13 Eq. 619. The opinions of Vice-Chancellor Malins in *Springhead Spinning Co.* v. *Riley,* L. R. 6 Eq. 551, in *Dixon* v. *Holden,* L. R. 7 Eq. 488, and in *Rollins* v. *Hinks,* L. R. 13 Eq. 355, appear to us to be so inconsistent with these authorities and with well settled principles, that it would be superfluous to consider whether, upon the facts before him, his decisions can be supported.

The jurisdiction to restrain the use of a name or a trade-mark, or the publication of letters, rests upon the ground of the plaintiff's property in his name, trade-mark or letters, and of the defendant's unlawful use thereof. *Routh* v. *Webster,* 10 Beav. 561. *Leather Cloth Co.* v. *American Leather Cloth Co.* 4 De G., J. & S. 137, and 11 H. L. Cas. 523. *Maxwell* v. *Hogg,* L. R. 2 Ch. 307, 310, 313. *Gee* v. *Pritchard,* 2 Swanst. 402.

The present bill alleges no trust or contract between the parties, and no use by the defendants of the plaintiff's name; but only that the defendants made false and fraudulent representations, oral and written, that the articles manufactured by the plaintiff were infringements of letters patent of the defendant corporation, and that the plaintiff had been sued by the defendant corporation therefor; and that the defendants further threatened divers persons with suits for selling the plaintiff's goods, upon the false and fraudulent pretence that they infringed upon the patent

of the defendant corporation. If the plaintiff has any remedy, it is by action at law. *Barley* v. *Walford*, 9 Q. B. 197. *Wren* v. *Weild*, L. R. 4 Q. B. 730.

*Demurrer sustained and bill dismissed.*