ABERTHAW CONSTRUCTION COMPANY *vs.* ERNEST L. RANSOME.

Suffolk. January 22, 1906. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Patent. Jurisdiction. Equity Jurisdiction. Slander of Title. Corporation. Equity Pleading and Practice.*

Even if the patentee of his own invention is estopped to deny the validity of the patent as against the assignee of his rights, yet in a suit brought against him by his assignee for an alleged infringement he always can show the previous state of the art to which his invention relates as bearing upon the construction and scope of the patent and to show that the alleged acts are not violations.

A suit for the infringement of a patent which involves an inquiry into its scope and nature is within the exclusive jurisdiction of the federal courts.

A bill in equity founded on the violation of a contract cannot be maintained where the sole defendant is not a party to the contract and the party to the contract other than the plaintiff is not a party to the bill.

A bill in equity cannot be maintained on the ground of alleged slander of the plaintiff's title for false representations as to the character and quality of the plaintiff's property or as to his title thereto which involve no breach of trust or contract.

A bill in equity against an individual defendant founded on a breach of contract by a corporation cannot be maintained upon allegations that the defendant owns a large amount of the capital stock of the corporation, that he is "the dominant factor therein" and controls and dictates its policy, without alleging that he is the owner of all of the capital stock or even of a majority of it.

A bill in equity founded on a breach of contract by a corporation cannot be maintained against a stockholder of the corporation alleged to control and dictate its policy without making the corporation a party.

HAMMOND, J. This case is before us by a reservation upon the bill and demurrer. The material allegations of the bill may be summarized as follows:

The respondent is the inventor and patentee of a "new and useful building material of concrete or similar substance and cold twisted metal bars embedded therein combined." In February, 1896, he assigned one half interest in the letters patent to one Smith, and subsequently he and Smith each assigned his interest to the Ransome and Smith Company, a California corporation, so that the latter became the sole holder of the patent. In March, 1896, this company, subject to certain exceptions not here material, assigned to the plaintiff, "its assigns and legal representatives an exclusive right title and ownership to said letters patent to make use and sell or practice the inventions the subject matter of" said letters patent "in and throughout the States of Maine, Massachusetts and Rhode Island," and subsequently, in the same month, made to the plaintiff a similar assignment as to the State of Connecticut. Both these assignments were executed by the Ransome and Smith Company by the defendant, its president.

In January, 1900, the Ransome Concrete Company, a New Jersey corporation, entered into a contract with the plaintiff which, after reciting that the said Aberthaw Construction Company was entitled to the rights under said letters patent in the States of Maine, Massachusetts, Rhode Island and Connecticut, and that the Ransome Concrete Company was the owner of the rights under said letters patent for various other

territories in the United States, including Vermont and New Hampshire, but not including Maine, Massachusetts, Rhode Island and Connecticut, "granted to the Aberthaw Construction Company the exclusive rights to the use of the aforesaid letters patent in the States of Vermont and New Hampshire, and further provided that the said Ransome Concrete Company should aid the said Aberthaw Construction Company in every way possible in its power to extend its business, and would refer any and all opportunities presented to the said Ransome Concrete Company for construction under the 'Ransome' system in the aforesaid territory to said Aberthaw Construction Company, together with any information which might be helpful in obtaining such business."

Ransome at the time of the assignments by the Ransome and Smith Company owned a large amount of the capital stock of the company, and was and ever since has been "the dominant factor therein," and still controls and dictates its policy; and substantially the same allegations are made as to the relations between him and the Ransome Concrete Company and also between him and another corporation called the Ransome Concrete Machinery Company.

The plaintiff ever since the said assignments to it " has been the owner of the exclusive right to make, use and vend the material and invention covered by said letters patent within" the six New England States, and as such owner has carried on the business and derived great profits therefrom. These letters patent were acquiesced in by the inhabitants within the territory mentioned, and no infringement has taken place within that territory until the acts complained of.

Ransome, by various advertisements and otherwise, has interfered with the plaintiff's rights by representing that the Ransome Concrete Machinery Company is ready to sell "Ransome's Improved Twisted Steel," " in all sizes and lengths at short notice "; and also by representing to parties desiring the patented material that the patent is invalid and worthless. In this and other ways he has induced parties (several instances being specifically set forth in the bill) to buy of the Ransome Concrete Machinery Company, and to use in said States " said material covered by said letters patent."

The bill further alleges that Ransome has done the acts complained of in pursuance of a fraudulent design to defraud the plaintiff " out of the profits of that which he had himself sold or caused to be sold to the " plaintiff; and that by reason of such acts and doings the plaintiff's " legitimate monopoly under said patent is being broken in upon and destroyed "; that Ransome " is causing to spread throughout . . . [New England] . . . the belief that the patent . . . is invalid, and that any one may make, use and sell said patented invention with impunity, and that the . . . [plaintiff] . . . will be powerless to prevent them "; all to the great damage of the plaintiff. It is further alleged that " at the date of the conveyances set out in . . . [the bill] . . . and also at the time of the acts complained of, and also at the time of bringing " the bill, Ransome was an officer, director and agent of the Ransome and Smith Company, Ransome Concrete Machinery Company, and the Ransome Concrete Company.

By an amendment to the bill it is further alleged that Ransome caused the Ransome and Smith Company to participate in all the acts complained of, and further that in two separate instances therein particularly set forth, one in Massachusetts and the other in Connecticut, he caused the last named company to interfere with the plaintiff's business; in the Massachusetts case by furnishing to certain persons " cold twisted steel " and superintendence in combining this steel with concrete, " which combination is the subject matter of this patent "; and in the Connecticut case by bidding for the sale of such steel with the intention of competing with the plaintiff, whereby the plaintiff had to sell to the party desiring the steel at a less price than it otherwise could have obtained.

The bill further alleges that in these and many other ways the defendant has done or caused to be done many things tending to defeat his own grant to the plaintiff; and it alleges that it is against equity and good conscience " for . . . said . . . Ransome, being the inventor, assignor and dominant power in the assigning and competing companies, as aforesaid, and being a dominant factor in the Ransome Concrete Company, which has contracted to aid . . . [the plaintiff] . . . in securing business under said patent and otherwise, to endeavor by means

of advertisements, slander of title, assurances, bonds of indemnity, personal services, and competition in general, to divert into his own pocket the profits which would naturally go to the . . . [plaintiff] . . ., and to render worthless said letters patent sold by him and now owned by the " plaintiff. It is further alleged on belief that the defendant intends to continue his unlawful acts as aforesaid within the New England States. .

The prayers are for an injunction restraining the defendant " his agents, servants and attorneys, . . . from advertising, or causing it to be advertised, that he or any of the companies aforesaid can or will within the . . . [New England States] . . . make or cause to be made, use or cause to be used, sell or cause to be sold, the aforesaid material covered by said patent " ; and also that the defendant be enjoined " from personally competing with the . . . [plaintiff] . . . in the manufacture, use and sale of said patented material within the . . . [New England States] . . ., and from causing the companies dominated by him from competing as aforesaid " ; and further, that the defendant, " his agents, servants and attorneys, . . . be strictly enjoined from representing, assuring or hinting to any person or corporation that said patent is invalid, doubtful or uncertain, and from stating to any such persons or corporations reasons or facts leading to that conclusion." There is also a prayer for the assessment of damages, and one for general relief.

In other words, the bill charges the defendant with interfering with the patent rights of the plaintiff by competing with the plaintiff and slandering its title, and the prayer is that the defendant may be enjoined from such acts.

The defendant demurs because, first, the bill shows no case for equitable relief; second, there is a plain, complete and adequate remedy at law ; third, the bill is multifarious ; fourth, because the acts were the acts of corporations and it does not appear that the defendant is an agent or officer of any of the corporations, or that the acts are acts for which the defendant is responsible ; fifth, it is a suit arising under the patent or copyright laws of the United States and the State court has no jurisdiction ; and sixth, the corporations are not made parties.

1. As to the alleged acts of infringement. Even if it be

assumed that inasmuch as the defendant is the inventor and patentee, he is estopped, as against the plaintiff whose rights come from him by mesne assignments, to deny the validity of the patent, (*Chambers* v. *Crichley*, 33 Beav. 374; Robinson on Patents, §§ 767, 787; see also cases cited in 22 Am. & Eng. Encyc. of Law, 2d ed. 429,) still it is open to the defendant to show the previous state of the art as bearing upon the construction and scope of the patent, and to show that the acts alleged are not violations. *Babcock* v. *Clarkson*, 63 Fed. Rep. 607. Moreover, a suit for an infringement, whether brought against the original patentee or any other party involves an inquiry into the scope and nature of the patent. Over such a suit the federal courts have exclusive jurisdiction. U. S. Rev. Sts. (2d ed.) § 711, cl. 5. See also cases cited in 22 Am. & Eng. Encyc. of Law (2d ed. ￼ 479, 480. *Dudley* v. *Mayhew*, 3 Comst. 9.

Nor can the bill be maintained as a violation of the contract between the plaintiff and the Ransome Concrete Company. The defendant was not a party to that contract.

2. As to the alleged slander of title. The jurisdiction of equity does not extend to false representations as to character and quality of the plaintiff's property nor as to his title thereto which involve no breach of trust or contract. Hence the bill cannot be sustained upon the ground of the alleged slander of title. *Boston Diatite Co.* v. *Florence Manuf. Co.* 114 Mass. 69.

3. It is alleged that the defendant is the dominant factor of various corporations named in the bill, and therefore can be held answerable for their acts. So far as those acts however are alleged to be infringements of the patent, we have no jurisdiction, as above stated. So far as such acts are in violation of contracts, to reach the defendant it is necessary to disregard the entity of the corporation and treat the defendant as the real party in all these transactions. It is not alleged that the defendant was the owner of all the capital stock in all of these companies or any one of them, nor is it even alleged that he owned a majority of the stock in any one of them. The bill is in effect an attempt to control the action of these corporations by control over an influential owner of the stock. Justice requires that the corporations whose interests are involved should be made

parties.    The bill is of vital interest to the other stockholders. *Price* v. *Minot*, 107 Mass. 49, 63.

*Bill dismissed with costs.*

*W. A. Rollins*, for the plaintiff.
*G. R. Nutter*, for the defendant.