CLARENCE M. COHEN, Appellant, *v.* RANSOM H. THOMAS, as President of the NEW YORK STOCK EXCHANGE, Respondent.

**New York Stock Exchange — trial and expulsion of member — courts will not review decision of governing committee if made in good faith, without prejudice or ill will.**

1. Associations, such as the New York Stock Exchange, which exist by virtue of the compact of its members and not by force of any statutory incorporation, will be left for their internal governance to the regulations agreed upon and those will be allowed effect, so far as they do not violate any rules of law or of natural justice.

2. When upon a hearing before the governing committee of the Stock Exchange, which resulted in the expulsion of a member, the proceedings were in accordance with the constitution and the committee acted in good faith, without prejudice or ill will, the courts will not sit in review of the decision reached.

3. Although the record of the evidence upon which the committee of the Stock Exchange on admissions acted was not before the governing committee, it was competent, upon this trial, to refute the assertions that passion and prejudice influenced the proceedings and the result.

*Cohen* v. *Thomas*, 142 App. Div. 937, affirmed.

(Argued October 31, 1913; decided November 18, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 21, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert B. Honeyman* for appellant. The courts have full power to review any action or proceeding of an association and that power will be exercised when such association has proceeded contrary to natural justice or where there is any prejudice or passion or caprice

evident, or where there were insufficient grounds for the action taken. (*Neukirch* v. *Keppler*, 56 App. Div. 225; *Young* v. *Eames*, 78 App. Div. 229; *Haebler* v. *Produce Exchange*, 149 N. Y. 428.) It is alleged in the complaint that the original papers, books and evidence before the committee show beyond any question that the plaintiff bought his seat with his own means; that the complaining witness did not advance any money to the plaintiff; that the shoe partnership was immediately dissolved, and that the subsequent arrangement was a pooling arrangement and that it was entirely subsequent to the purchase of the seat. This is a fair allegation of a conclusion of fact and as such is properly pleaded. (*Brown* v. *Champlin*, 66 N. Y. 214; *Thayer* v. *Gile*, 42 Hun, 268; *R. R. Co.* v. *Robinson*, 133 N. Y. 242.)

*Walter F. Taylor* for respondent. The judgment of the trial court, which was unanimously affirmed by the Appellate Division, followed necessarily from the findings of fact made by the trial court. (*Lewis* v. *Wilson*, 121 N. Y. 284; *People ex rel. Johnson* v. *N. Y. Produce Exchange*, 149 N. Y. 401; *Neukirch* v. *Keppler*, 56 App. Div. 225; *Young* v. *Eames*, 78 App. Div. 229; *White* v. *Brownell*, 2 Daly, 329; *Belton* v. *Hatch*, 109 N. Y. 593; *C. Tel. Co.* v. *Smith*, 47 Hun, 494; *Fritz* v. *Muck*, 62 How. Pr. 69; *People ex rel. Kelsey* v. *N. Y. Medical School*, 29 App. Div. 244; *People* v. *Nash*, 47 Hun, 542; *People ex rel. Coppers* v. *Trustees*, 21 Hun, 184; *Matter of Weidenfeld* v. *Keppler*, 84 App. Div. 235; 176 N. Y. 562.)

GRAY, J. By this action plaintiff seeks to be reinstated in his membership of the New York Stock Exchange; from which he had been expelled by the Governing Committee, upon the charge of having made a material misstatement to the Committee on Admissions at the time of his application for membership. The complaint, after alleging that the New York Stock Exchange is a volun-

tary association and that the plaintiff became a member and subscribed the constitution thereof, sets forth provisions of the constitution bearing upon the powers of the Governing Committee, in which the government of the Exchange is vested, and upon those of the Committee on Admissions, so far as they relate to the admission of members and to their expulsion upon accusations of offenses committed; a report to the Governing Committee by the Committee on Admissions, charging the plaintiff with having made the untrue statement, when applying for membership, that "he purchased his membership with his own means;" the hearing before the Governing Committee, upon notice to him of the charge made, and his expulsion from membership in the New York Stock Exchange. At considerable length, the complaint sets forth the proceedings before the Governing Committee upon the trial of the issue raised by the plaintiff's answer to the charges against him, with the evidence introduced on both sides, and allegations are made to the effect that the Governing Committee acted unfairly and were influenced by passion and prejudice in reaching their conclusion "upon the charges and the evidence presented." Upon the issue raised by the answer of this defendant, the parties went to trial at the Special Term; where judgment was directed for the defendant upon a decision, which, after finding the facts with respect to the pertinent provisions of the constitution of the New York Stock Exchange, the statements made by the plaintiff when applying for membership and the subsequent information upon which the Governing Committee had been moved to its action, specifically, found that "all the acts and proceedings * * * were in accordance with the constitution of the Exchange; * * * that in the proceedings * * * the officers and committees acted in good faith, * * * not in any degree prompted by prejudice, bias, or ill will toward the plaintiff; * * * that there was evidence before the Committee on Admissions, which would justify

its finding that the plaintiff had made false statements upon material points, upon his application for admission to the Exchange; * * * that the evidence taken before the Governing Committee upon the hearing accorded to the plaintiff * * * was sufficient to justify its finding," as to the plaintiff's false statements. At the Appellate Division, the judgment entered for the defendant on the merits was affirmed by the unanimous vote of the justices. The conclusive nature of the determination appealed from by the plaintiff leaves nothing open for a further review by us upon the facts. The findings warranted the legal conclusion that the expulsion of the plantiff from the New York Stock Exchange was within the authority conferred upon its Governing Committee by the constitution and, that authority having been validly and regularly exercised, the decision of that body was not subject to review upon the merits by the courts. The Exchange is a voluntary association of individuals, who have agreed to be bound, as to their several interests, rights, privileges and duties, by the provisions of a constitution and of by-laws. Each member, upon admission to the association, elects, and expressly consents, to subject himself to the conditions imposed upon membership and upon the right to continue to be a member. The constitution and the by-laws express a contract to which he becomes a party. They have invested the Governing Committee with the powers of government and the Committee's decision, after the trial of a member for an offense under its laws, is final; unless it is made to appear that the proceedings were contrary to natural justice, or that the decision was not come to in good faith. These principles have been affirmed in decisions by the courts, as well in cases of members of the New York Stock Exchange, as of other unincorporated associations. (See *Belton* v. *Hatch,* 109 N. Y. 593; *Lewis* v. *Wilson,* 121 N. Y. 284; *People ex rel. Johnson* v. *N. Y. Produce Exchange,* 149 N. Y. 401;

*Young* v. *Eames,* 78 App. Div. 229; affd. on opinion below in 181 N. Y. 542; *White* v. *Brownell,* 2 Daly, 337; *Dawkins* v. *Antrobus,* L. R. [17 Ch. Div.] 615.) Associations, such as the New York Stock Exchange, which exist by virtue of the compact of its members and not by force of any statutory incorporation, will be left for their internal governance to the regulations agreed upon and those will be allowed effect, so far as they do not violate any rules of law, or of natural justice.

It was provided by section 3 of article XVII of the constitution of the Exchange that " whenever it shall appear to a majority of the Committee on Admissions that a misstatement upon a material point has been made to it by a member, upon his application, either, for membership, or reinstatement,   *   *   *   it shall report the case to the Governing Committee, who by a two-thirds vote of all the existing members of the Committee may expel the member." This was a material condition of membership, which qualified the absolute right of each member to continue such. When, upon the plaintiff's application for membership, he was elected and had signed the constitution, within its express terms, he "pledged himself to ·abide by the same." He agreed that the provisions of that instrument should be the law of his association and that, if charged with an offense, upon a hearing had, "the finding of the Governing Committee shall be final and conclusive." Having been willing to so condition his privilege of membership and to make the Governing Committee the exclusive tribunal for the determination of any charges, going to his right to continue as a member, upon what ground may he invoke the interference of the law with the action of the Committee ? That the proceedings were in accordance with the constitution and that the Committee acted in good faith, without prejudice, or ill will, the court has, expressly, found. With what reason shall the courts sit in review of a decison so reached ?

It is argued that error was committed in admitting, over the plaintiff's objection, the record of the proceedings before the Committee on Admissions, upon the ground of its irrelevancy and immateriality as evidence. The objection is untenable. Although the record of the evidence, upon which the Committee on Admissions acted, in reporting the case, was not before the Governing Committee, it was clearly competent, upon this trial, to refute the assertions that passion and prejudice influenced the proceedings and the result. The appearance of the plaintiff and the hearing before the Committee on Admissions initiated the proceedings, within the provisions of the constitution, and it was quite competent to exhibit the evidence upon which that body reported to the Governing Committee that the plaintiff had "rendered himself amenable to section 3 of article XVII of the constitution" (above quoted).

It is argued that, by the answer and upon the trial, the plaintiff's allegation that he "bought his seat in the Exchange with his own means" was admitted. So far as the plaintiff's averments attacked the validity of the proceedings for his expulsion before the committees of the Exchange, the good faith in which they were conducted and the justice of the action of the Governing Committee, they were put in issue by the answer and the burden was on the plaintiff to establish them. Upon the opening of the trial, certain admissions were made as to paragraphs of the complaint and among them were the 22d to the 28th, inclusive. Counsel for the defendant said: "We admit them by not answering; in that way. We cannot agree to anything further than up to the time that the plaintiff attempts to give an account of what took place in the Exchange." It is sufficient to say of these paragraphs that they contain averments relating to the evidence adduced by the plaintiff before the Committee and to his efforts to secure a rehearing upon further evidence. In the 28th paragraph, it was averred that

" the evidence before the committee * * * showed that beyond any question the plaintiff bought his seat with his own means," etc., and it was argued that, as the admission covered this averment, the defendant was concluded thereby. For counsel to deliberately admit the truth of a statement of fact, which, not only, was destructive of his client's position, but which, on the whole theory of the case, had been finally determined adversely to the averment before the tribunal of the Exchange, would suggest a question of his sanity. But he was not placed in any such attitude by his admission. The plaintiff in his complaint had been spreading out all that had taken place in the Exchange upon his trial and, in making the statement averred to, he was, merely, stating the only legal conclusion, which he believed the evidence warranted and which, as he in subsequent paragraphs proceeds to allege, but for the influence of passion and prejudice upon the minds of the Committee, would have been reached by them.

I advise the affirmance of the judgment.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK, CHASE, HOGAN and MILLER, JJ., concur.

Judgment affirmed, with costs.