FINNISH TEMPERANCE SOCIETY SOVITTAJA *vs.* RAIVAAJA PUBLISHING COMPANY & another.

Worcester.    September 28, 1914. — October 22, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* Defamation, Remedy at law.    *Libel and Slander.*

A bill in equity cannot be maintained by a corporation against two other corporations to restrain them from publishing libellous matter concerning the plaintiff and to compel them to publish a retraction of charges, where no breach of trust or of contract is involved, the exclusive remedy for such a wrong being an action at law for damages.

A court of equity is not given jurisdiction to restrain the publication of a libel, alleged to have been published by two defendant corporations, by allegations that one of the defendants is controlled by the other so that they are substantially the same and that the periodical in which the alleged libel was published was transferred for a nominal sum by one of the defendant corporations to the other which had no visible property. The facts thus alleged, if they exist, can be dealt with adequately at law.

BRALEY, J. This is a suit in equity for the assessment of damages suffered by the plaintiff corporation from the publication of libels in a newspaper owned or controlled by the defendant corporations, with a prayer for a mandatory injunction to compel them to publish a retraction. The defendants, to whom we shall

refer respectively as the first and second company, demurred to the bill, and the judge of the Superior Court,* after sustaining the demurrer, reported the case to this court without entering a decree. R. L. c. 159, § 27.

It is settled by our decisions that where no breach of trust or of contract appears, a bill in equity will not lie to enjoin the publication of libellous statements injurious to the plaintiff's business, trade or profession, or which operate as a slander of his title to property. *Boston Diatite Co.* v. *Florence Manuf. Co.* 114 Mass. 69. The remedy is by an action at law for damages. *Raymond* v. *Russell,* 143 Mass. 295, 296. As to the English rule since the judicature act of 1873, St. 36 & 37 Vict. c. 66, see Pom. Eq. Jur. § 1358, and cases cited in the note.

The plaintiff, however, urges that because of certain allegations in the bill these decisions are inapplicable, and relief should be decreed. But even if as alleged the defendants are interlocking corporations where the stockholders and boards of directors who control and direct the policy of each are substantially the same, and the first company was created by the second company, and the periodical formerly published by it in which the libels appeared was transferred for a nominal sum to the first company, which has no visible property, in order that the second company, which owns real and personal estate of great value, might escape liability in damages for the publications, the plaintiff does not make out a case in equity.

While the companies are distinct organizations, yet the wrong is to be established by the same evidence and degree of proof as at law. The essence of the defamation is the malicious publication of the libellous language and does not necessarily lie in the authorship of the articles or the ownership of the press which printed them. *People* v. *Miller,* 122 Cal. 84. If the defendants all worked for a common end which they accomplished by the publication of the libels, they are liable jointly as well as severally. *Patten* v. *Gurney,* 17 Mass. 182, 186. *Miller* v. *Butler,* 6 Cush. 71, 74. It also is plain that, if the trial in an action at law discloses that the first company is merely the creature or mouthpiece of the second company, its corporate form does not pre-

---

* *Dubuque,* J.

vent the plaintiff from reaching the real offender and actual instigator of the defamatory attacks. *Ginn* v. *Almy*, 212 Mass. 486, 505, 506, and cases cited.

The demurrer therefore was sustained properly, and, if the plaintiff within a time to be fixed by the trial court and upon such terms as it may determine does not amend into an action at law as provided in R. L. c. 159, § 6, the bill is to be dismissed with costs.

*Ordered accordingly.*

*G. E. Roewer, Jr.,* for the defendants.

*M. C. Taylor,* (*M. M. Taylor* with him,) for the plaintiff.