JOSEPH B. CHOATE *vs.* EDWARD L. LOGAN & others.

Suffolk.    October 18, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction,* To enjoin libel. *Department of Massachusetts, The American Legion.*

A provision in the constitution of the Department of Massachusetts, The American Legion, that the executive committee, "shall have power to suspend or remove from office for good cause any elective officer of the Department Organization or any elective officer within the Department after a fair and impartial hearing on the charges brought against such officer; to expel from membership in The American Legion any member of any Post within its jurisdiction," does not curtail the common law right of the executive committee to inquire into the conduct of a member and to report to its constituent posts the results of its inquiry including a censure of the member.

A vote of the executive committee of the Department of Massachusetts, The American Legion, reporting to its constituent posts a censure of one of the members of the department and requiring that the report be read at each post and spread upon its records, not being in violation of any provision of the constitution or the by-laws of the association, is not a violation of any contract or of any property right of the member so censured; and equity has no jurisdiction of a bill brought by the member, alleging that the report of the committee contained untruthful statements, that the committee were actuated by malicious motives, intended to place a stigma upon the member's record as a soldier, which had been honorable, that would affect him injuriously before the community now in existence and would cause any future community to believe that his conduct toward the Legion had been dishonorable, and that the vote would bring shame and humiliation to himself and his descendants, and praying for an injunction ordering that the vote be rescinded and expunged from the record.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 22, 1920, by a member against the executive committee of the "Department of Massachusetts, The American Legion" an unincorporated association, to cause to be rescinded and revoked certain acts of discipline of the plaintiff by the defendants.

Material allegations and prayers of the bill are described in the opinion. The defendants demurred. The suit came on to be heard by *Crosby,* J., and, with the consent of the parties, was reserved by him upon the bill and the demurrer for determination by the full court.

*H. F. Hurlburt,* for the plaintiff.

*S. L. Whipple, (A. M. Beale* with him,) for the defendants.

PIERCE, J. This is a bill in equity brought by a member of the Department of Massachusetts, The American Legion, against certain officers of that department who constitute its executive committee, for an injunction ordering them to rescind and expunge from the records of the department an alleged vote of censure entered by them upon the records of the department and sent to the different posts within the department to be there read and become a part of the records of each of said posts, in addition to becoming a part of the records of the Department of Massachusetts. The bill, in addition to the prayer that the so called vote of censure be expunged and obliterated, further prayed that the vote of rescission "shall be subject to the approval of this court, and that it [the executive committee] be ordered to send to each of the several Posts to which it sent a copy of said so called vote of censure, a copy of such vote rescinding the same, and that said defendants be ordered by proper vote to recall said vote of censure, so called, sent to said Posts." There was a further prayer for general relief.

The defendants demurred to the bill and assigned seven reasons therefor. The case came on for hearing before a single justice of this court, and was reserved upon the bill and demurrer for the determination of the full court.

The first ground of demurrer is that "Said bill of complaint fails to set forth or allege a cause of action which would entitle the plaintiff to relief in equity against any of the defendants." A short statement of the facts as they appear in the bill, and which are admitted by the demurrer, is that the plaintiff, while a com-

mander of one of the posts of the Department of Massachusetts, The American Legion, in pursuance of his right as a citizen of the Commonwealth and within his rights as a member of the department under Article II, § 3 of the constitution of the Department of Massachusetts, The American Legion, which reads "Each member shall perform his full duty as a citizen according to his own conscience and understanding," caused to be published in a Boston newspaper a criticism of the conduct of one of the defendants, then commander of said Department of Massachusetts. It further appears that this publication was officially brought to the attention of the executive committee of the Department of Massachusetts, The American Legion, in view of the fact that the plaintiff was at the time of the publication of the article commander of a post of The American Legion. The publication was under date of March 30, 1920. The executive committee, after consideration, invited the plaintiff to appear before them on April 26, 1920, either to substantiate or retract what was regarded by the executive committee as an unfair and unwarranted criticism of the department commander. In passing it may well be observed that the published criticism is not in the record and its terms are not known to this court. The plaintiff did not appear in answer to the invitation of the executive committee, but instead, under date of April 23, 1920, wrote a letter to the executive committee declining to appear and maintaining his right to state whatsoever he pleased upon matters affecting the Legion.

On May 3, 1920, the executive committee prepared and adopted the report which the plaintiff seeks to have recalled and expunged, and on May 4, 1920, caused the same to be sent to all posts, there to be read at the next meetings of the posts. As a reading will show, this report sets forth in chronological order the action of the executive committee after the publication of the criticism of its commander, and after the fact of the publication had been officially called to its attention. It contained the statement: "In Mr. Choate's letter to the Herald, in addition to a discussion of certain questions connected with The Legion, he saw fit to make a personal and vicious attack upon the official conduct of the Department Commander." It contained also the declaration that "The Executive Committee, although vested with the power to expel from membership, for sufficient reason, those whose

conduct is such as to make their separation from the organization advisable for the best interests of the organization itself, upon due consideration and influenced largely by the request of the Department Commander refrains from expelling Mr. Choate for the serious offences which he has committed, not only against the welfare and best interests of the organization itself, but against the Department Commander who has rendered such unselfish and efficient service as Mr. Logan has for The American Legion. Moreover, it has no desire to curtail the expression of opinion upon questions of policy within reasonable and decent limits on the part of the members of The American Legion. Convinced beyond question ·that the unwarranted criticisms of Joseph B. Choate were unfair, ungentlemanly and untrue, it expresses its unqualified condemnation of Mr. Choate's conduct and directs that the action of the Executive Committee in condemnation and repudiation of Mr. Choate's conduct be submitted to all the Posts constituting the Massachusetts Department of The American Legion."

The plaintiff contends that the report contains untruthful statements; that the committee was actuated by malicious motives against him for exercising his rights as a citizen of the Commonwealth and as a punishment for venturing to criticise the conduct of the defendant Logan; that the vote has been spread upon the records of the departments of the Legion, which records are intended to be preserved for all time as a part of the history of The American Legion, to which all the members of the Legion, not only in this Commonwealth but elsewhere have access; that the defendants have been actuated by malicious motives, intended to place a stigma upon his record as a soldier, which has been honorable, and to place a stigma upon his record that will affect him injuriously before the community now in existence, and will cause any future community to believe that his conduct toward the Legion has been dishonorable; and· that the vote will bring shame and humiliation to himself and his descendants.

The bill nowhere alleges and the plaintiff in his brief makes no claim that the report, whatever may have been the motive of the executive committee in its formulation and in causing its entry upon the records of the department and upon the records of the several posts, has injured any property that has substance,

as distinguished from an injury to the personality affecting feelings, sensibility and honor. He admits that a court of equity is without jurisdiction to protect mere personal rights through injunction, *Prudential Assurance Co.* v. *Knott*, L. R. 10 Ch. App. 142, *Boston Diatite Co.* v. *Florence Manuf. Co.* 114 Mass. 69, *Raymond* v. *Russell*, 143 Mass. 295, *Aberthaw Construction Co.* v. *Ransome*, 192 Mass. 434, *Finnish Temperance Society Sovittaja* v. *Raivaaja Publishing Co.* 219 Mass. 28, *Roberson* v. *Rochester Folding Box Co.* 171 N. Y. 538, and rests his case largely upon the proposition that equity will take jurisdiction to restrain the publication of defamatory words as an incident to a decree ordering the specific performance of a trust or contract. *Boston Diatite Co.* v. *Florence Manuf. Co.* supra. *Raymond* v. *Russell*, supra. *Aberthaw Construction Co.* v. *Ransome*, supra. *Finnish Temperance Society Sovittaja* v. *Raivaaja Publishing Co.* supra. *Aronson* v. *Orlov*, 228 Mass 1. The plaintiff, in support of the jurisdiction of the court to cause by injunction the recall of the vote of the executive committee and the expungement of the report from the records, contends that the constitution of the department established a contract between the Department of Massachusetts and the plaintiff, the terms and conditions of which the defendants were bound to observe in good faith, to the end that no action should be taken against the complainant except in strict compliance with the terms thereof; that the defendants broke the contract by their action which resulted in the report and in the recording of the report; and cites *Lawson* v. *Hewell*, 118 Cal. 613, *Cohen* v. *Thomas*, 209 N. Y. 407, *Harington* v. *Sendall*, [1903] 1 Ch. 921.

The specific provision of the constitution which the plaintiff charges the defendants with violating by the publication of the report is Article VI, which relates to the department executive committee; more particularly § 1, cl. (e) of that article, which reads: "It shall have power to suspend or remove from office for good cause any elective officer of the Department Organization or any elective officer within the Department after a fair and impartial hearing on the charges brought against such officer; to expel from membership in The American Legion any member of any Post within its jurisdiction." If we assume with the plaintiff that the demurrer admits that Article VI of the constitution is a contract between all members of the unincorporated asso-

ciation called the Department of Massachusetts, The American Legion, it is manifest that that contract does not extend beyond the subject matter of suspension or removal from membership in The American Legion. There appears to be no other provision of the constitution which governs the action of the executive committee in the exercise of its undoubted common law right to make inquiry into and make report upon the conduct of its members. The facts fail to disclose any contract or trust which was violated by the defamatory report.

*Demurrer sustained.*