PATRICK P. SHERRY & others *vs.* CHARLES E. PERKINS
& another.

Essex.    April 4, 1888. — June 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Equity — Injunction — Intimidation — Nuisance — Libel.*

Banners displayed in front of a person's premises with inscriptions calculated to
injure his business and to deter workmen from entering into or continuing in
his employment constitute a nuisance which equity will restrain by injunction.

BILL IN EQUITY, filed April 20, 1887, alleging that the first-named plaintiff was engaged in the business of manufacturing boots and shoes in Lynn, and that he had admitted the other plaintiffs, who were in his employment as operatives, to share in the profits of the business; that there was a voluntary association in Lynn called the Lasters' Protective Union, composed of persons engaged in lasting boots and shoes, of which the first-named defendant was the president, and the other defendant, Charles H. Leach, was the secretary; that on January 5, 1887, Leach, acting for himself and Perkins, called upon Sherry to inquire as to the wages of his lasters, and was told that such wages were to be fixed by the lasters; that on January 8, 1887, certain lasters left the plaintiffs' employment, giving as a reason therefor that they did not dare to work for them further on account of the defendants; that, in order to intimidate others from taking their places and to prevent such lasters from re-engaging in their employment, the defendants, on January 8, 1887, with the assent of the association and out of its moneys, caused to be carried in front of Sherry's factory, by a boy hired for that purpose, a banner bearing the following inscription : " Lasters are requested to keep away from P. P. Sherry's.   Per order L. P. U."

The bill further alleged, that, because of such banners, crowds of people gathered in front of the factory when the lasters left their work ; that the lasters were injured and threatened with bodily harm if they continued in the plaintiffs' employment; that various lasters, whose names were given, were subsequently called upon by the defendants, and so intimidated and injured

that one of them was confined to his house and another left the plaintiffs' employment; that the banner and the acts of the defendants were part of a scheme to prevent persons from entering the plaintiffs' employment, and that the banner was carried in front of the factory until March 22, 1887, when the defendants, with a like purpose and at a time when there was no strike in the factory or trouble with the operatives, caused another banner to be carried in like manner before the factory, with the following inscription: " Lasters on a strike and lasters are requested to keep away from P. P. Sherry's until the present trouble is settled. Per order L. P. U."

The bill also alleged that Sherry had remonstrated with the defendants without effect; that the business carried on by the plaintiffs was a large one, and that the good-will was of considerable value, both of which, if the defendants were permitted to continue, would be seriously injured and destroyed.

The prayer of the bill was, that the defendants might be restrained from making such banners, and from causing them to be similarly carried, and for further relief.

Hearing before *C. Allen*, J., who found as facts, that members of the Lasters' Protective Union entered into a scheme, by threats and intimidation, to prevent persons in the employment of the plaintiffs as lasters from continuing in such employment, and in like manner to prevent other persons from entering into such employment as lasters; that the defendants participated in this scheme; that the use of the banners was a part of the scheme; that the first banner was carried from January 8, 1887, to March 22, 1887, and the second banner from March 22, 1887, to the time of the hearing; and that the plaintiffs have been and are injured in their business and property thereby; and the judge reported the case for the consideration of the full court.

*J. R. Baldwin*, for the defendants.

*R. Lund & F. Hurlburt*, (*T. M. Osborne* with them,) for the plaintiffs.

W. ALLEN, J.   The case finds that the defendants entered, with others, into a scheme, by threats and intimidation, to prevent persons in the employment of the plaintiffs from continuing in such employment, and to prevent others from entering into such employment; that the banners with their inscriptions were

used by the defendants as part of the scheme; and that the plaintiffs were thereby injured in their business and property.

The act of displaying banners with devices, as a means of threats and intimidation to prevent persons from entering into or continuing in the employment of the plaintiffs, was injurious to the plaintiffs, and illegal at common law and by statute. Pub. Sts. c. 74, § 2. *Walker* v. *Cronin*, 107 Mass. 555. We think that the plaintiffs are not restricted to their remedy by an action at law, but are entitled to relief by injunction. The acts and the injury were continuous. The banners were used more than three months before the filing of the plaintiffs' bill, and continued to be used at the time of the hearing. The injury was to the plaintiffs' business, and adequate remedy could not be given by damages in a suit at law.

The wrong is not, as argued by the defendants' counsel, a libel upon the plaintiffs' business. It is not found that the inscriptions upon the banners were false, nor do they appear to have been in disparagement of the plaintiffs' business. The scheme in pursuance of which the banners were displayed and maintained was to injure the plaintiffs' business, not by defaming it to the public, but by intimidating workmen, so as to deter them from keeping or making engagements with the plaintiffs. The banner was a standing menace to all who were or wished to be in the employment of the plaintiffs, to deter them from entering the plaintiffs' premises. Maintaining it was a continuous unlawful act, injurious to the plaintiffs' business and property, and was a nuisance such as a court of equity will grant relief against. *Gilbert* v. *Mickle*, 4 Sandf. Ch. 357. *Springhead Spinning Co.* v. *Riley*, L. R. 6 Eq. 551.

*Boston Diatite Co.* v. *Florence Manuf. Co.* 114 Mass. 69, was a case of defamation only. Some of the language in *Springhead Spinning Co.* v. *Riley* has been criticised, but the decision has not been overruled. See *Boston Diatite Co.* v. *Florence Manuf. Co., ubi supra; Prudential Assurance Co.* v. *Knott*, L. R. 10 Ch. 142; *Saxby* v. *Easterbrook*, 3 C. P. D. 339; *Thorley's Cattle Food Co.* v. *Massam*, 14 Ch. D. 763; *Thomas* v. *Williams*, 14 Ch. D. 864; *Day* v. *Brownrigg*, 10 Ch. D. 294; *Gaskin* v. *Balls*, 13 Ch. D. 324; *Hill* v. *Davies*, 21 Ch. D. 798; *Hermann Loog* v. *Bean*, 26 Ch. D. 306.          *Decree for the plaintiffs.*