WELLINGTON HOLBROOK & others, trustees, *vs.* MAMIE C.
MORRISON.

Suffolk.   September 11, 1912. — March 4, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To enjoin malicious injury to business.   *Malicious Conduct.*

A suit in equity, to restrain the defendant from maliciously interfering with the
plaintiff's business, cannot be maintained by a dealer in real estate owning
certain lots of land against an owner of an adjoining house and land, who,
desiring to sell his land and for that purpose, offers it for sale by a sign on
the front of the house, concluding, "Best offer from Colored Family," although
one purpose of the defendant in so doing is to annoy the plaintiff and the
plaintiff's business has been injured thereby.

*It seems,* that, if an owner of land, for the sole purpose or for the dominant and
controlling purpose of annoying the owners of other land in the immediate
vicinity, advertises his land for sale in a manner intended to annoy such
other owners, and they are annoyed and injured, such malicious conduct is
actionable.

MORTON, J.   The plaintiffs are dealers in real estate and own
a number of lots on Wellington Hill in the Dorchester District of
the City of Boston.  The defendant owns a house and lot abutting
on two of the lots belonging to the plaintiffs and in close proximity
to the others.  She has caused to be placed on the front of her house
a large sign headed with the words "For Sale," and concluding
with the words, "Best offer from Colored Family," all in large
letters.  The first entrance on to Wellington Hill and the way
prospective purchasers would take in going there is past her house.
She has also caused, it is alleged, advertisements of a like tenor
to be inserted in the "Boston Globe," a newspaper of large cir-
culation, and has threatened and is threatening to sell her house
and lot to a colored family.  This is a bill to restrain the defendant
from maliciously interfering with the plaintiffs' business by means of
such sign and advertisements and by such threats.  The bill alleges
that the effect of the defendant's acts has been greatly to injure
the sale of the plaintiffs' lots and that the defendant's purpose is
to injure the plaintiffs' business, and that she had no real inten-
tion of selling her house and lot to members of the negro race.

The case was heard by a single justice* and comes here on a report by him of the evidence and of a finding made by him "that the defendant did not put up the sign for the sole purpose of selling her property, but that she did it for the purpose of annoying the plaintiffs." This finding was made by the single justice "without going into the question of whether she [the defendant] was justified in having that ill feeling;" and the report concludes, "such decree to be entered by the court as justice and equity may require."

It appeared from the uncontradicted evidence that the threatened sale by the defendant of her house and lot to a colored family has injured and will continue to injure the business of the plaintiffs unless prevented. We interpret the finding made by the single justice as meaning that one purpose which the defendant had in putting up the sign and in advertising her property as she did was to sell it. She also had the purpose, as he finds, of annoying the plaintiffs.

There can be no doubt that the defendant has the right to advertise her property for sale by signs or otherwise in the usual way, and to sell it if she sees fit to a negro family, even though the effect may be to impair the business of the plaintiffs; just as, for instance, the owner of land on a hillside may cultivate it in the usual way even though the effect of the surface drainage may be to fill up his neighbor's mill pond below. *Middlesex Co.* v. *McCue,* 149 Mass. 103. Does the presence in the sign and advertisements of a malevolent motive *quoad* the plaintiffs, although they are not named, intended to annoy and in fact annoying and injuring the plaintiffs' business by announcing in effect that the property is for sale to a colored family change what otherwise would be a legal right into an actionable wrong? It would seem clear according to our own decisions that it does not. *Rideout* v. *Knox,* 148 Mass. 368. *Greenleaf* v. *Francis,* 18 Pick. 117. *Walker* v. *Cronin,* 107 Mass. 555. See also *Frazier* v. *Brown,* 12 Ohio St. 294; *Chatfield* v. *Wilson,* 28 Vt. 49; *Mahan* v. *Brown,* 13 Wend. 261. In the present case it is plain, as we have said, that the defendant has the right, if she sees fit to do so, to sell her house and lot to a negro family whatever the effect may be upon the plaintiffs'

---

* *Loring,* J.

business and property. If she had put up the sign and had caused the advertisements to be inserted without any such intention as alleged in the bill of selling her property but solely with the purpose of injuring the business and property of the plaintiffs, there can be no doubt that such conduct on her part would have been actionable. As was said in *Rideout* v. *Knox,* 148 Mass. 368, 372, "the right to use one's property for the sole purpose of injuring others is not one of the immediate rights of ownership." But as we have construed the finding of the single justice, one of her purposes in putting up the sign was to sell her property, which was a lawful purpose and one of the indefeasible rights of ownership.

The case is different, therefore, from *Sherry* v. *Perkins,* 147 Mass. 212, *Quinn* v. *Leathem,* [1901] A. C. 495, and other similar cases relied on or referred to by the plaintiffs, into which we do not deem it necessary to go, where the motive was wholly malicious and the case lacked the element of justification which is present here. If the offering of her property for sale by the defendant in the manner in which it has been offered had been or had been found to be a mere pretext on her part for the purpose of gratifying her spite and ill will towards the plaintiffs, or if that had been her dominant and controlling purpose, there would have been no justification for her conduct.

But there is no finding to that effect. On the contrary it is found that one purpose which she has is to sell her property, which is a legitimate purpose, and to enable her to accomplish it she has a right to as wide a market as she can command by advertisements and signs or otherwise. She has a right to ask for bids from white people or colored people, or both. She is not limited to bidders of any particular race or class or creed. And if one of her purposes in asking for bids from colored families is to annoy and injure the plaintiffs, and she succeeds in doing so, her conduct is not thereby rendered unlawful so long as her object is to procure a purchaser for and to sell her house and lot. It follows that the bill must be dismissed.

*Bill dismissed with costs.*

The case was submitted on briefs.

*E. F. McClennen & J. J. Kaplan,* for the plaintiffs.

*M. J. Sughrue & J. P. Manning, Jr.,* for the defendant.