Samuel Bomes
vs.
Local No. 223 Movie
Operators

Eq. No. 9962.

January 25, 1930.

BLODGETT, P. J. Bill in equity to enjoin picketing by members of above union.

The complainant operates the Liberty Theatre on Broad Street, Providence, for the production of moving pictures, and has in his employ two persons in charge of the machine for throwing pictures on the screen who are not members of the above union.

The union of movie operators, respondents, are attempting to force the complainant to employ members of their union in such positions and to pay such men on the union scale. To accomplish such purpose the respondents have begun proceedings in the nature of a boycott against the theatre. At such times as the theatre is open for business, two members of the respondent union parade back and forth on the sidewalk in front of the theatre with a placard in their hats upon which is conspicuously printed the words, "This Theatre Does Not Employ Union Moving Picture Machine Operators Affiliated with the American Federation of Labor."

This picketing is admittedly done under instructions from the respondent union. The respondents claim the right to use such means, as long as such picketing is peacefully conducted, to compel complainant to employ members of their union.

One young woman testified that while attempting to enter the theatre, when open for business, one of these pickets having the above label in his hat pushed against her and told her not to enter; it was dangerous. Another girl who was with her corrobated this testimony. Two other witnesses testified that they were intending to enter the theatre when open for business and were approached by pickets with such labels in their hats and informed it was dangerous to enter.

The complainant testified that since the institution of such picketing his receipts had fallen off.

The two pickets in question denied in any way interfering with the patrons of said theatre and said that they simply walked back and forth on the sidewalk in front of the doors of said theatre while performances were going on. One of them admitted that he might have brushed against the girl in question as the sidewalk was more or less crowded. They also denied the conversation with the two men who testified for complainant and gave an entirely different version of such conversation.

The Court, however, believes the testimony of complainant's witnesses as more credible. This raises the question as to whether the conduct of the pickets was such as not to exceed the limits of what may be legally allowable.

There have arisen in our jurisdiction a number of cases involving the right to picket, as in the case of *Jenckes Spinning Co.* vs. *Thomas F. McMahon et al.*, heard in the Superior Court June 13, 1922, by Mr. Justice Barrows. In an exhaustive opinion the contention of the complainant was sustained.

So in 1921 in *Falls Yarn Mills* vs. *United Textile Workers*, 4 R. I., Superior Court Rescripts 799, Mr. Justice Hahn sustained the complainant.

Both these cases involved rights of strikers during a strike.

The present case involves an effort on the part of respondents to compel complainant to hire union employees for its moving picture machine. It is in the nature of a boycott.

In a work entitled, "The Labor Injunction," by Felix Frankfurter & Nathan Greene, the authors (p. 43) say:

"The so-called primary boycott, a mere withholding of patronage and refusal to trade, is unimportant, and its legality has rarely been questioned. The forms of pressure usually characterized as 'the secondary boycott'—a combination to influence A by exerting some kind of economic or social pressure against persons who deal with A—have been condemned by the federal and Massachusetts Courts in a series of instances revealing a great range of versatility. Whether the means of pressure upon a third person be * * * or merely notice by circularization, banners or publication—the ban of illegality has fallen upon all alike."

The case at bar is clearly one of a "secondary boycott," *Sherry* vs. *Perkins*, 147 Mass. 214:

"The act of displaying banners with devices, as a means of threats and intimidation to prevent persons from entering into or continuing in the employment of the plaintiffs, was injurious to the plaintiffs * * * . We think the plaintiffs are not restricted to their remedy by an action at law, but are entitled to relief by injunction."

See also *Bull* vs. *International Alliance*, 119 Kansas 713.

Prayer for a preliminary injunction granted.

For complainant: Robinson & Robinson, Joseph E. Adelson, John H. Slattery.

For respondents: Sidney Clifford of Sherwood, Heltzen & Clifford.