## GIBRALTAR SAVINGS & BUILDING ASS'N et al. v. ISBELL et al.

### No. 10311.

Court of Civil Appeals of Texas. Galveston.

Jan. 28, 1937.

A. W. Baring, Edgar Monteith, and· King, Wood & Morrow, all of Houston (Edgar Monteith, of Houston, of counsel), for appellants.

GRAVES, Justice.

This appeal is from an order entered by the 11th district court on February 28 of 1935, pursuant to an application of the appellants herein for a temporary injunction against the appellees in the circumstances thus stated by the appellants in a brief they have filed in this court, the appellees having made no appearance herein:

"Plaintiffs, Gibraltar Savings & Building Association and the individual members of its Board of Directors, named in its original petition, sued the defendants,

James H. Isbell, T. B. Alkire, H. C. Waters, Basil P. Panas, Murray B. Jones, Tom. M. Graham, D. B. Shackelford, and Onlooker Publishing Company, a corporation, who,. together with the defendant, Basil P. Panas, publishes the newspaper known as 'The Texas World,' in the District Court of Harris County, Texas, to recover actual and exemplary damages for injuries suffered by Gibraltar Savings & Building Association, hereinafter for convenience referred to as 'said Association,' as a result of alleged· libelous and slanderous acts, statements, publications, and the circulation of publications, reflecting upon and interfering with the business and property-rights and good will of said Association, and impairing the confidence of the public in the financial soundness of said Association, and in the honesty and integrity of its officers and directors in the administration of the affairs of said Association; and praying for a temporary restraining order pending a hearing upon the merits, restraining the defendants, and each of them, from a continuance of the acts, statements, and publications complained of.

"Upon the filing of plaintiffs' petition on November 22, 1933, Judge Allen B. Hannay, of the 113th District Court, issued his fiat in the form of a temporary restraining-order as prayed for in plaintiffs' petition, upon plaintiffs' filing bond in the sum of $5,000.00, and set the cause for hearing in the 11th District Court of Harris County, Texas, on the 12th day of December, 1933, when defendants were ordered to show cause why temporary-injunction should not be granted. On December 1, 1933, Murray B. Jones, defendant, filed answer consisting of general demurrer and numerous special exceptions. On December 9, 1933, Judge Hannay, after a prolonged hearing on said general demurrer, entered an order overruling same and holding that the law of the case was with plaintiffs.

"Thereafter, during the course of a prolonged hearing, originally set for December 12, 1933, before the Hon. Charles E. Ashe, Judge of the 11th District Court, numerous orders were entered continuing the temporary restraining order of November 22, 1933, in full force and effect, pending a decision upon plaintiffs' application for a temporary injunction. At the conclusion of such hearing on February 28, 1935, Judge Ashe entered this order:

" 'Be it remembered that the plaintiffs in the above entitled and numbered cause, having been granted a restraining order against the defendants herein at the time of the filing and institution of this cause, which restraining order has from time to time, except as modified by order entered on December 9, 1933, by other orders of the Court heretofore entered in this cause, been continued and is now in effect; and the Court having determined and announced that the evidence on plaintiffs' application for a temporary injunction against the defendant to enjoin them in the particulars set out in plaintiffs' first amended original petition on file herein should be by affidavits and record evidence, and said application having come on to be heard on the 9th day of January, 1934, and said hearing and trial having continued from day to day and term to term by agreement; the final evidence and argument of counsel being submitted during the weeks beginning February 4th and February 11th, 1935, and the Court having considered the evidence of all parties, the evidence adduced by affidavits, records, and oral testimony of witnesses, and having heard the argument of counsel, is of the opinion that *under the rules of equity an injunction will not lie restraining the defendants from committing the acts, conduct, and making the statements and the publications complained of and alleged in plaintiffs' bill and therein attributed to defendants in the manner and under the circumstances set out in plaintiffs' said amended petition,* and that the law therefore is with the defendants. It is, therefore, on this the 18th day of February, 1935, ordered, adjudged and decreed by the court that the application of plaintiffs for a temporary-injunction be overruled and denied and that the restraining-order heretofore issued be in all things dissolved, to which action and ruling of the Court plaintiffs in open court then and there excepted and gave notice of appeal to the Court of Civil Appeals at Galveston for the First Supreme Judicial District of Texas.

" 'Upon request of plaintiffs, it is ordered that the Clerk send up on appeal the original affidavits and other documentary evidence introduced and identified in the stenographer's report in original form together with the stenographer's transcript of the oral testimony.

" 'And it is further ordered by the Court that the plaintiffs' giving a supersedeas bond in the sum of Five Thousand Dollars ($5000.00) payable and conditioned as by law required, same to be approved by the Clerk of this Court, and that that part of the foregoing order and judgment dissolving the restraining-order originally issued in said cause on November 22, 1933, and thereafter from time to time continued to this date by proper order of the Court herein, is and the same shall be suspended pending the appeal of this cause. To which action of the Court defendants Isbell, Alkire, and Jones except in so far as the order suspends the order of the Court dissolving the temporary restraining-order granted herein on November 22, 1933.'

"Plaintiffs excepted in open court to such ruling and gave notice of appeal.

"Defendants filed motion to require the court to file findings and conclusions, which motion was on March 18, 1935, denied on the ground that the court had 'decided the case on a question of law.'

"On March 18, 1935, plaintiffs duly filed their supersedeas bond in the sum of $5,000.00, and this cause is now before this court for review and correction."

█ Inveighing on the appeal against the stated order, appellants construe the italicized portion thereof as showing that the learned trial court sustained a general demurrer to their application for the writ, which they insist was reversible error, in that their pleading upon its face stated facts that, when taken as true, clearly entitled them to it; in this position it is thought they clearly misconstrue the trial court's action, since its only province and purpose at the time had been to conduct the previously ordered hearing on the facts—the general demurrer having been, as the quoted statement recites supra, according to the rules of practice operative among the district courts of Harris county, overruled in the cause by Judge Hannay of the 113th district court on December 9 of 1933—and since, further, the 11th district court had just completed that final hearing of all the evidence from both sides, with the sole objective of determining whether or not such temporary injunction in succession to the prior mere restraining order should be granted; in other words, the appealed from order is only properly construed as being one overruling the application for a temporary injunction after fully hearing both the pleadings and the evidence offered in support thereof.

Not only so, but the court's added provision attempting to keep in force the pre-

**1032**

existing restraining order by merely suspending it as such "pending the appeal of this cause" had no other effect under the provisions of R.S. art. 4662, than to suspend the court's action in refusing to grant the temporary injunction—the attempted change in the temporary restraining order, in manner and form as done, simply metamorphosing it into a temporary injunction. See 24 Texas Jurisprudence, p. 20, par. 10, and footnote cited authorities, especially Hartzog v. Seeger Coal Co. (Tex.Civ.App.) 163 S.W. 1055.

The appeal from the final order as thus interpreted is accordingly before this court for hearing, in further conformity to R.S. art. 4662, upon the bill and answer, affidavits, and other evidence heard by the court below. 24 Texas Jurisprudence, p. 302, par. 245; Lilly v. City of Houston Heights (Tex.Civ.App.) 158 S.W. 189, at page 190.

It is the conclusion of this court upon the record so made and presented that the learned trial court erred in refusing the writ so applied for upon the pleadings and evidence then before it, the sole question here being whether or not that action constituted an abuse of its rather wide discretion in passing upon such application. 24 Tex.Jur.Injunctions, par. 253, and authorities cited in footnotes 9 to 11, inclusive. Consequently it is not deemed necessary to here review the evidence so sent up for sufficiency as would be done on an appeal from a final judgment, but only to determine whether or not it supports the actual exercise by the court of that discretion, the probable existence of a right, and of danger thereto—if an injunction was not granted—having been held to be determinative of the need for such a temporary writ. 24 Tex.Jur.Injunctions, par. 87, footnote 17, and cited authorities.

Appellants are clearly correct in their contention that their bill upon its face, under all the detailed averments therein made, entitled them to the temporary restraint they thus sought, provided the truth thereof must be assumed, as would have been the case had a general demurrer thereto been sustained, as they erroneously claimed; since that may not be done for the reasons given, this court concludes that the evidence so before it sufficiently shows the probable existence of a right in appellants to the writ, that a danger thereto beyond the reach of any other remedy available to them existed, hence that temporary

injunctive relief was needed, wherefore it was an abuse of a sound discretion not to accord it; the record at great length shows there were at least 19 publications made and circulated by the appellees in the Texas World, a newspaper then published in the city of Houston, between the dates of May 26 of 1933 and October 27 of 1933, which upon their face were libelous per se, if not true, and there was much testimony, oral and written, tending to indicate that many at least of them were not only not true, but, further, that they were in any event productive of immediate and inescapable injury to the appellants both in their business of conducting the Gibraltar Association and in their private and personal relations as well; further, there were testified to many overt acts on the appellees' part by word of mouth and correspondence in reaching appellants' stockholders, patrons, and the public generally with statements of like or similar character, the objective of all of which apparently was to destroy the confidence of such stockholders and patrons of appellants and the public generally in them, not only as the representatives of the Gibraltar Association but as private individuals as well.

It would serve no useful purpose to catalogue these showings the evidence thus makes; suffice it to say that in the opinion of this court they required the application of the temporary restraint appellants sought in order to preserve the status quo of all the disrupted relations between the appellants and the appellees with respect to the business at that time being conducted by the Gibraltar Association, until a final trial of this cause on its merits could be had between them; in denying that relief, the learned trial court in his quoted reason therefor seems to have done so upon the general principle that equity does not intervene to restrain the publication of words on a mere showing of their falsity, but, as indicated from the brief résumé of the evidence supra, there was much more than that declared upon and at least prima facie shown in this instance; indeed, the case here made is thus pronounced upon by Justice Cardozo, now of the United States Supreme Court, in Nann v. Raimist, 255 N.Y. 307, 174 N.E. 690, 694, 73 A.L.R. 669:

"Equity does not intervene to restrain the publication of words on a mere showing of their falsity. Marlin Firearms Co. v. Shields, 171 N.Y. 384, 64 N.E. 163,

59 L.R.A. 310. It intervenes in those cases where restraint becomes essential to the preservation of a business or of other property interests threatened with impairment by illegal combinations or by other tortious acts, the publication of the words being merely an instrument and incident. Beck v. Railway Teamsters' Protective Union, supra [118 Mich. 497, 77 N.W. 13, 42 L.R.A. 407, 74 Am.St.Rep. 421]; Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 431, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A. (N.S.) 874; Steinert & Sons Co. v. Tagen, 207 Mass. 394, 397, 93 N.E. 584, 32 L.R.A. (N.S.) 1013; Hotel & Railroad News Co. v. Clark, 243 Mass. 317, 323, 137 N.E. 534; Allen Mfg. Co. v. Smith, 224 App.Div. 187, 191, 229 N.Y.S. 692; Pound, Equitable Relief against Defamation, 29 Harv.L.R. 640, 666; Chafee, Cases on Equitable Relief against Defamation (2d Ed.) 1930, collating the authorities."

See, also, these further authorities: Miller Mfg. Co. v. Rogers (Tex.Civ.App.) 281 S.W. 596; Strang v. Biggers (Tex. Civ.App.) 252 S.W. 826; Hawks v. Yancey (Tex.Civ.App.) 265 S.W. 233; Beck v. Railway Teamsters' Protective Union, 118 Mich. 497, 77 N.W. 13, 42 L.R.A. 407, 74 Am.St.Rep. 421; Emack v. Kane (C.C.) 34 F. 46; National Life Ins. Co. v. Myers, 140 Ill.App. 392; Equitable Relief against Defamation and Injuries to Personality, by Dean Roscoe Pound, 29 Harvard Law Review, 640.

Without further discussion, it follows that the appealed from order should be reversed; but this court is not in position to here render such a judgment in the circumstances as the trial court should have rendered, because of the well-known fact generally in the community at Houston, where all these transactions here dealt with occurred, that the newspaper, the Texas World, in which the publications referred to were made and circulated, has since that time ceased publication entirely and is no longer being printed or circulated. This constitutes such an intervening change in the facts and conditions as impels this court to remand the matter to the trial court, with instructions to hear further evidence and then to grant appellants the relief they prayed for, so modified, however, as to conform to the facts and conditions now found by it to exist.

Reversed and remanded, with instructions.