EDWARD J. MENARD *vs.* EDWARD J. HOULE.

Hampden. September 23, 1937. — December 1, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction*, To enjoin unlawful interference, To enjoin defamation.

Equity had jurisdiction to enjoin a continuing course of wrongful and malicious attack upon the plaintiff by means of false and disparaging statements and announcements concerning goods sold by the plaintiff, which caused damage to plaintiff's property rights.

BILL IN EQUITY, filed in the Superior Court on December 15, 1936.

The suit was heard upon a demurrer to the bill and afterwards on the merits by *Burns*, J., and decrees were entered overruling the demurrer and granting relief. The defendant appealed.

The case was submitted on briefs.

*J. F. Hennessey*, for the defendant.

*G. H. Hughes*, for the plaintiff.

Qua, J. The bill contains allegations in substance as follows: The plaintiff, a retail dealer in automobiles in Springfield, sold to the defendant an automobile "in good standard condition." About four months later the defendant complained of the steering and demanded that the plaintiff install a whole new steering apparatus. Upon inspection the plaintiff found the steering apparatus in good condition and refused the defendant's request. Thereafter the defendant drove the automobile upon the streets of Springfield covered with this writing: "Don't believe what they say, this car is no good; I tried to have it fixed but they can't fix it and they will do nothing about it . . . this car was no good when I got it; don't be a sucker, this car is no good but it looks all right." The defendant continues to drive and to park the automobile thus equipped in the streets and in public places in Springfield, well knowing that his claims are false, solely for the purpose of injuring the plaintiff and extorting money from the plaintiff to which the defendant knows he is not entitled. The defendant, for the same purpose, has made statements to the public to the effect that the plaintiff sold him the automobile, and that "it is a lemon and never was any good," but that the plaintiff "won't make good." There are further general allegations of the defendant's knowledge that his statements and signs were untrue, of malice on the part of the defendant, and of damage to the plaintiff in his business. The defendant demurred for want of equity; because the plaintiff's bill was "based on allegations of libel and slander," and the plaintiff had failed to make definite allegations of special damages; and because the plaintiff had an adequate remedy at law.

The demurrer was rightly overruled. The defendant

relies upon *Boston Diatite Co.* v. *Florence Manuf. Co.* 114 Mass. 69, wherein it was held that equity jurisdiction does not extend to cases of libel or slander or of false representations as to the character or quality of the plaintiff's property or as to his title thereto which involve no breach of trust or of contract. See also *Whitehead* v. *Kitson,* 119 Mass. 484; *Raymond* v. *Russell,* 143 Mass. 295; *Covell* v. *Chadwick,* 153 Mass. 263; *Aberthaw Construction Co.* v. *Ransome,* 192 Mass. 434, 439; *Finnish Temperance Society Sovittaja* v. *Raivaaja Publishing Co.* 219 Mass. 28. But later cases have held that equity will take jurisdiction where there is a continuing course of unjustified and wrongful attack upon the plaintiff motivated by actual malice, and causing damage to property rights as distinguished from "injury to the personality affecting feelings, sensibility and honor" (*Choate* v. *Logan,* 240 Mass. 131, 135), even though false statements and false announcements are the means or are among the means employed, and that in such cases there is no adequate remedy at law. *Davis* v. *New England Railway Publishing Co.* 203 Mass. 470. *M. Steinert & Sons Co.* v. *Tagen,* 207 Mass. 394. *Hotel & Railroad News Co.* v. *Clark,* 243 Mass. 317. *Lawrence Trust Co.* v. *Sun-American Publishing Co.* 245 Mass. 262. See *Sherry* v. *Perkins,* 147 Mass. 212; *Hartnett* v. *Plumbers' Supply Association of New England,* 169 Mass. 229, 235; *Aronson* v. *Orlov,* 228 Mass. 1, 11; *Godin* v. *Niebuhr,* 236 Mass. 350; *Russo* v. *Thompson,* 294 Mass. 44, 46. This case falls within the principle of the cases last cited. Neither conspiracy nor unfair competition need appear. *Lawrence Trust Co.* v. *Sun-American Publishing Co.* 245 Mass. 262, 266.

In view of the distance to which our own decisions have already carried us, it would be profitless, although it might be interesting, to enter upon a discussion of the past and present state of the law in other jurisdictions. There is evidence of a process of evolution which may be still in progress.

The defendant's appeal from the final decree granting the plaintiff injunctive relief and nominal damages presents no additional question of law. The findings of the trial judge

support, in general, the allegations of the bill and add further details of the defendant's efforts publicly to disparage the make of automobile sold by the plaintiff and to injure the plaintiff's business by tying lemons and other articles to the defendant's automobile, pasting papers in the automobile windows showing that it had been purchased from the plaintiff, and exhibiting the automobile in this condition near the plaintiff's place of business, near the place of business of the distributors, near the local automobile show, and in other public places.

> *Interlocutory decrees affirmed.*
> *Final decree affirmed with costs.*